UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDEN JOSHUA LABATTE and<br>TIMOTHY LABATTE,<br><br>Defendants. | 1:17-CV-01031-CBK<br><br><br>AMENDED ORDER |

## BACKGROUND

On December 7, 2017, plaintiff filed a complaint against defendants to foreclose on secured property pursuant to two outstanding loans to Branden J. LaBatte ("borrower"). Defendant Timothy LaBatte filed an answer to the foreclosure complaint *pro se*. Defendant Branden J. LaBatte did not file an answer to the foreclosure complaint. On September 6, 2018, plaintiff moved for summary judgment requesting a judgment of foreclosure, a decree of sale, and a finding that plaintiff's interest is superior to any other stated interest. No defendant has filed a response to the motion for summary judgment or requested to enlarge the deadline for responding. The Court addressed the merits of Timothy LaBatte's answer in its December 3, 2018 Order, Document 18, in the closely related case of 17-CV-01032, where he provided an identical answer.

## DECISION

### I. Standard of Review

The purpose of summary judgment is to determine whether there is a "genuine issue for trial" with regard to a claim or defense or "part of each claim or defense." Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(a). Summary judgment should be granted only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If facts are disputed, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed and "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). However, a nonmoving party "may not rest on mere allegations or denials" and "must do more than show that there is some metaphysical doubt as to the material facts." Anderson at 256; and Matsushita at 587. In sum, an issue of fact is genuine if, based upon the evidence in the record, a reasonable jury could return a verdict for the nonmoving party. Anderson at 248.

When the United States is a creditor, the law of the state where the court is situated applies when giving effect to a promissory note. *See* 28 U.S.C. § 2410(c). The issue of foreclosure is therefore governed by South Dakota Law. *See* Donovan v. Farmers Home Admin., 19 F.3d 1267, 1269 (8th Cir. 1994). District Courts will grant summary judgment and foreclosure relief on chattels securing a promissory note where the Farm Services Agency has followed its administrative procedures in seeking relief on such note. U.S. v. Morse, 2011 WL 197579 *2 (D.S.D. 2011) (internal citations omitted).

Under Local Rule 7.1, defendants were required to serve and file a responsive brief to plaintiff's motion for summary judgment containing opposing legal arguments and authorities in support thereof within 21 calendar days. No defendant filed such a motion, nor did any defendant

file a motion to enlarge the time in which to respond. Under Local Rule 56.1(d), "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." Because the defendants have not responded to the motion for summary judgment or statement of material facts submitted in connection therewith, the Court, under the Local Rule, deems the statement of material facts to be admitted.

## II. A Judgment of Foreclosure Should be Entered Against Borrower

Plaintiff requests that this court enter judgment against borrower in the amount of $36,199.33 as of August 20, 2018, together with any additional sums advanced, costs or expenses expended, and interest accruing at a daily rate of $1.0779. Plaintiff also requests that this court adjudge borrower's security interest in the secured chattel property to be foreclosed. Plaintiff has provided as evidence promissory notes signed by borrower, a security agreement, acceleration notice, and the UCC filings indicating plaintiff has perfected its interest in the specific chattels identified in its complaint and any after acquired replacement chattels.

Borrower signed two promissory notes. The first promissory note, signed February 22, 2013, indicates that borrower borrowed $21,000 at a rate of 1.125%, due in seven yearly installments, with the first installment of $3137.00 due on February 22, 2014. The second indicates that borrower borrowed $14,000, at a rate of 1.125%, on February 22, 2013, with payment due in full on February 22, 2014. The security agreement provides plaintiff a security interest in, *inter alia*, the following farm and other equipment, together with all replacements, substitutions, additions, and accessions thereto:

3

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Serial or Model No. |
|---|---|---|---|---|---|---|
| 1 | 1 | Tractor w/Loader | JD/Leon | 4010/ | Fair | 51189 |
| 2 | 1 | Tractor | Ford | 5000 | | To be purchased |
| 3 | 1 | Mower | IHC | | | To be purchased |
| 4 | 1 | Round Baler | NH | 688 | | To be purchased |
| 5 | 1 | Headgate | Priefert | 85 | Fair | |
| 6 | 1 | Pig Feeder | | 60 Bu | Fair | |
| 7 | 2 | Cattle Waters | Tuff | Rubber | Good | |
| 8 | 1 | Snowblower | Lorenz | | Fair | 727147 |
| 9 | 1 | Electric Fencer | Zareba | Solar – 3 mile range | Good | PP0904225287 |
| 10 | 2 | Gas Saddle Tanks & Pumps | | | Fair | |
| 11 | | Farm Tools in Tool Box, Augers, Tire Chains | | | Fair | |
| 12 | 1 | Riding Lawn Mower | Cub Cadet | | Fair – Poor | @ Titans – broke down |
| 13 | 1 | Bale Trailer | | | | To be purchased |
| 14 | 1 | Cattle Trailer | Trailmaster | Gooseneck – 24' | Fair | 2875 |

Four of the items listed above were "[t]o be purchased." However, plaintiff alleges that borrower only purchased the NH Round Baler, and then also purchased a 1370 Case Tractor with rear duals (1976, Serial #8805223), a Monroe Plow (6 bottom), and a Flatbed. The provision in the security agreement providing plaintiff with an interest in "all replacements, substitutions, additions, and accessions," to the equipment listed above encumbers these additional items.

The security agreement provides for acceleration of payment upon default. Doc. 1-3, 4(b)(1). The security agreement also provides that borrower shall assemble the secured property

and make it available to plaintiff at the times and places designated by plaintiff. *Id.* at 4(b)(2). Plaintiff provided defendant notice of acceleration on January 28, 2015. Doc. 1-5.

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion for summary judgment, Doc. 11, is granted.

2. Under the terms of the promissory notes and the detailed accounting provided by plaintiff in Doc. 14-2, judgment hereby enters against borrower in the amount of $36,199.33 as of August 20, 2018, plus prejudgment interest through the date of this judgment in the amount of $1,409.40 for a total of $37,608.73 plus post-judgment interest under 28 U.S.C. § 1961(a).

3. Plaintiff shall have and recover judgment of foreclosure upon the farm and other equipment chattels described in Section II, above.

4. The interest of the defendants in the property described in Section II above shall be foreclosed. Excluding any senior lienholders, the following persons and entities shall be barred and foreclosed of, and from, all rights, title and interest in said property: (a) all defendants, together with each and every person or entity claiming under them; (b) all persons claiming any lien or encumbrance of any kind or character upon, or against, such property, that is subsequent in time or priority, or both, to the lien created by plaintiff's secured interest; and (c) any and all persons claiming to have acquired any right, title, or interest in, and to the secured chattels foreclosed upon herein.

5. A Decree of Sale is entered as to the chattel property described in Section II above, and, after the sale is advertised in the manner required by law, the property shall be sold by the United States Marshal, or his deputies, or a private auctioneer contracted by the United States Marshal Service. The property shall be sold according to the law that pertains to foreclosure of chattel property.

6. Borrower is directed within 30 days of this judgment to account for, assemble, and peacefully deliver the chattel property to such place designated by the United States Marshal. If borrower or the person in possession of borrower's chattel property does not provide possession of the property to the United States Marshal within 30 days of entry of this Court's order, the United States Marshal shall have permission to enter upon the property of Timothy LaBatte for the limited purpose of obtaining possession of the chattel property for sale.

7. The United States Marshal is directed to apply the sale proceeds as follows:

    a. To the payment of the costs and expenses associated with the foreclosure sale;

    b. To the payment of the costs and disbursements taxed in the action in which the sale is made;

    c. To the payment on the debt adjudged by the Court to be due to the United States, and any other creditors, in order of priority; and

    d. To pay the surplus, if any, into the Court for the use of the borrower or the person entitled thereto, subject to the further order of the Court.

8. In the event that the foreclosure sale herein authorized does not generate sufficient proceeds to satisfy the debt owed by borrower to the United States, plaintiff shall be entitled to a deficiency judgment upon proper application to the Court.

9. Plaintiff, United States, shall be entitled to recover all taxable costs herein in the amount of $_____, which are to be taxed by the Clerk of Court as provided by law and inserted herein.

Dated this 22nd day of February, 2019.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge